PER CURIAM.
The courts and our system of justice must be fully open and readily available for the administration of justice. Courts cannot restrict the number of cases they hear, or deny an individual his day in court. Congestion and delay, however, create that effect. When Article V was adopted in March of 1972, we certified the necessary judicial manpower on the basis of July, 1971 population figures. The population increase from July 1, 1971 to July 1, 1975 was estimated at 1.4 million. The additional' judicial manpower created to take care of that population growth has only been twelve circuit judges and thirteen county judges.
The future provides no respite for our growth problems. Some courts of this state have developed congestion and backlogs in their court calendars. In addition, some legislative acts have caused increased work loads for certain courts. Two examples are the Administrative Procedure Act and its resulting increase in appellate review matters in the District Courts of Appeal, and Medical Mediation Panels which require additional proceedings in medical malpractice actions in the circuit courts.
We bring to your attention that in 1975 we certified 23 judicial positions which the Legislature, because of the severe economic situation, failed to approve. These positions are with one exception recertified today.
We further direct your attention to the fact that as of January 1, 1977, all remaining municipal courts must be abolished. Presently 70% of the population of this State is served exclusively by the state court system, while 30% is served by both the state court system and municipal courts. A substantial number of the municipal courts that must be abolished are in five counties of this state, specifically Bro-ward, Orange, Palm Beach, Pinellas, and Volusia. A number of municipal courts for large population cities will be abolished in Dade County. These Dade County municipal courts do not presently have jurisdiction of traffic offenses. We note that our certification for county judges is substantially less than the 62 recommended by the Select House Committee for Municipal Courts.
We therefore, in accordance with Section 9, Article V, Constitution of Florida, as revised March 14, 1972, hereby certify the need for additional District, Circuit, and County Judges in accordance with the following schedule. For information purposes, we note in a separate column the judge positions certified but not approved by the Legislature in 1975 and in a separate column the 1976 request by each Circuit Chief Judge:
*421 First Second Third Fourth 1 0 1 1 3 2 0 0** 2 2 2 1 4 2 1 0 2 2 3*(Modified) 2 1 1 1 1 4 2 1 1 8 6 1 1 1 1 1 1 2 0 County Santa Rosa Duval Pinellas Putnam Volusia Alachua Orange Osceola Polk Dade Sarasota Bay Palm Beach Monroe Broward Brevard Seminole Lee Hillsborough District Courts Judges Certified Judges Certified Judicial of Appeal:_ in 1975 and Requested Positions for 1976 Not Approved in 1976 TOTAL 9 39 26 ** Originally requested one but modified it if an additional judgi was provided in Volusia. TOTAL Circuit Courts: Circuit Third Fourth Fifth Sixth Seventh Eighth Ninth Tenth Eleventh Thirteenth Fifteenth Seventeenth Nineteenth Twentieth 1 2 1 2 2 1 4 1 4*(Modified) 3 3 4 1 1 TOTAL 30 18 County Courts: |N> Ní NJ N5 Its) O N) N)
*422 This Court certifies the aforementioned judicial officers as necessary and recommends that they be made permanent by law and funded by this State.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.